Opinion of the Court.
THIS writ of error is prosecuted to reverse a judgment recovered by Bowmar in an action of ejectment, brought by him in the circuit court, against the heirs of M’Clary.
On the trial in that court, for the purpose of proving his title to the land in contest, Bowmar introduced and relied on the following evidence: A decree of the circuit court of Woodford, pronounced in the caso of Steel and Searcy, against the heirs of Cyrus M’Crack-in, ordering the heirs of M’Crackin to convey to Steel and Searcy, the land in contest against a named day, and appointing a commissioner with directions to make the conveyance to Steel and Searcy in case of the failure of the heirs of M’Crackin so to do. A deed purporting to have been executed by the commissioner in pursuance to the decree, to Steel and Searcy, and a deed from Steel and Searcy to Bowmar for the same land; and after proving that the land in contest was within the boundary of these deeds and was in the possession of M’Clary’s heirs, the counsel for Bowmar rested his case with the jury.
The counsel for the heirs of M’Clary, then, moved the court to instruct the jury to find as in case of a non-suit; but his motion was overruled, and exceptions taken to the opinion of the court.
*249 The principle is not’ perceived by this court, upon 'which the refusal .o&tfte pincáif court to• give the instruction to the jury, cambé sustained. ' To autJjpjyse a recovery-by Bow-mar, -it waS‘ unquestionably, necessary that a right of entry to tire land in contest, should have been proved to be in him, at the date of the-demise laid in the declaration. To that .end the decree-and subsequent conveyances, which.have bcen.alre.<idy nptice'd, ..were given, in evidence-do.the, jury, and if the heirs'of M’Crackin had been-shewn to,(possess the-title at the time the decree was pronounced against them, -there would be some pretext for maintaining, that through them Bowmar’s right was-suiScienily proved to authorise the,¡refusal of theicourt.to give the instruction to the jurxs^put.qs’againsbjljll^iry’s-'hdirsdhere'.'was noev-ideuce -introduced cájeiíidté'd'stéipilOyh .the heiVs-^of ’ M’-Cracken,.ever had any Sitie to Aliefebd' iájítphtést. The. decree which wafc given in ,evidónce-'as it-cfi.récts,a. cqnveyance of the laqd, w-as,,. no .doubi, prqdicatedlupon the idea of the title being at the time itvwas propouriced, in.the heirs of M’Crac-kin,'and in,a Jcoipidst':between them, and,Steel .and Searcy, or others -claiming under them, wo u 1 d p.erhaps<,be sufficient evidence of the'title being at that time in the heirfeybut the decree forms no evidence of title against'strpngers, and there is nothing in thi^ case conducing to -shew, that the heirs of M’Cla-ry wdcl^pariies to that decree, or held under' such as were parties.
The judgment must consequently be reversed with coSts, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.